IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JAMES ALLEN CORNERS,

    Defendant.
_____/

Civ. S-05-0077 DFL
Cr. S-02-0134 DFL

O R D E R

Defendant James Allen Corners moves under 28 U.S.C. § 2255 to vacate the judgment and conviction entered against him on May 24, 2004. Defendant was sentenced to a term of 24 months. As part of the plea agreement, defendant expressly waived his right to appeal or collaterally attack the judgment and sentence. Corners now seeks a modification of his sentence based on the Supreme Court's recent holding in United States v. Booker, -- U.S. --, 125 S.Ct. 738, 756 (2005). The government moved to dismiss on three grounds: (1) the express waiver; (2) Corners has failed to state a Booker claim; and (3) Booker does not apply

1  retroactively.
2      All three of the government's arguments are meritorious.  As
3  to the first ground, express waivers of the right to bring a §
4  2255 motion are valid, unless the petitioner demonstrates that
5  the waiver was involuntary or uncounseled.  See <u>United States v.</u>
6  <u>Abarca</u>, 985 F.2d 1012 (9th Cir. 1993); <u>United States v. Pruitt</u>,
7  32 F.3d 431 (9th Cir. 1994); <u>Mason v. United States</u>, 211 F.3d
8  1065 (7th Cir. 2000); <u>United States v. White</u>, 307 F.3d 336 (5th
9  Cir. 2002).  Here, the written plea agreement contained an
10 express waiver, which the court expressly went over with Corners
11 when he pled guilty in open court.  (Mot. Ex. 4 at 8.)  As
12 Corners has not alleged that his plea was involuntary or
13 uncounseled, the express waiver bars this petition by Corners.
14     There is no need to discuss the additional grounds.
15     The government's April 29, 2005 motion to dismiss is GRANTED
16 and Corners's March 25, 2005 motion is DISMISSED.
17     IT IS SO ORDERED.
18 Dated: 9/14/2005

_____
DAVID F. LEVI
United States District Judge